UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. BOCKARI, | No. 2:14-cv-0019 JAM DAD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHASE BANK, | |
| Defendant. | |

    Plaintiff Patrick Bockari is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint alleges that on December 31, 2013, the defendant, "without notice placed a restriction" on his bank account and "refused to release the funds." (Compl. (Dkt. No. 1) at 2.) Plaintiff alleges that he believes the restriction was placed in "retaliation for a civil complaint filed in this court against the defendant for stealing [his] money back in 2010." (Id.)

1 Based solely on this allegation, plaintiff seeks $250,000 in damages.  (Id)  Plaintiff has also filed a motion to consolidate this action with the matter of Patrick A. Bockari v. JP Morgan Chase Bank, No. 2:13-cv-2603 JAM EFB, which is currently pending in this court. (Dkt. No. 3.)  In that pending action, plaintiff's first amended complaint alleges, in part, that on December 31, 2013, defendant Chase Bank retaliated against plaintiff by putting a restriction on his bank account.  Plaintiff seeks the award of $800,000 in damages in this other action pending in this court.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir.1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  Cato, 70 F.3d at 1105 n. 2; Bailey, 846 F.2d at 1021.  Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative.  See, e.g., Bailey, 846 F.2d at 1021; Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975).  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. California, 487 F.3d 684, 688, 692 (9th Cir. 2007).  "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  (Id. at 689.)

Here, plaintiff's complaint in this action raises the same allegations against the same defendant and is seeking the same type of relief as that sought in Patrick A. Bockari v. JP Morgan Chase Bank, No. 2:13-cv-2603 JAM EFB.  In both actions plaintiff complains that on December 31, 2013, defendant Chase Bank retaliated against plaintiff by putting a restriction on his bank account.  The undersigned finds, therefore, that this action should be dismissed as duplicative of his earlier filed action in this court.

/////

/////

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 3, 2014 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's January 3, 2014 complaint (Dkt. No. 1) be dismissed without prejudice;

3. Plaintiff's February 23, 2015 motion to consolidate be denied; and

4. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 7, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\bockari0019.ifp.dup.f&rs.docx